UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAGNI LARSEN-ORTA,<br><br>Plaintiff,<br><br>v.<br><br>CONTRA COSTA COUNTY HUMAN SERVICES DEPARTMENT, et al.,<br><br>Defendants. | Case No. 4:25-cv-02027-KAW<br><br>**ORDER GRANTING IN FORMA PAUPERIS APPLICATION; REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE**<br><br>Re: Dkt. Nos. 1, 2 |

On February 26, 2025, Plaintiff Ragni Larsen-Orta filed this civil action and application to proceed *in forma pauperis*. Having considered the application, the Court GRANTS Plaintiff's application to proceed *in forma pauperis* and REASSIGNS this case to a district judge with the RECOMMENDATION that it be dismissed without prejudice for lack of subject matter jurisdiction.

## I. LEGAL STANDARD

The *in forma pauperis* statute provides that the Court shall dismiss the case if at any time the Court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

A complaint is frivolous under Section 1915 where there is no subject matter jurisdiction. *See Castillo v. Marshall*, 207 F.3d 15, 15 (9th Cir. 1997) (citation omitted); *see also Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 19987) (recognizing the general proposition that a complaint should be dismissed as frivolous on Section 1915 review where subject matter jurisdiction is lacking).

## II. DISCUSSION

As courts of limited jurisdiction, "federal courts have an independent obligation to ensure

that they do not exceed the scope of their jurisdiction." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (noting that district courts are "obligated to consider sua sponte whether [they] have subject matter jurisdiction"). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* at § 1331. A cause of action "arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989). A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state." *Id.*

Here, Plaintiff appears to be alleging that there was an unfavorable decision rendered by the California Department of Health Care Services ("DHCS") that will result in a deprivation of medical care as of March 1, 2025. (Compl., Dkt. No. 1 at 5.) In a letter attached to the complaint, dated February 13, 2025, DHCS denied Plaintiff's request for rehearing, and advised Plaintiff that she may seek court review of the denial by filing "a 'petition' in **Superior Court**." (Compl. at 9) (emphasis added.) This is not Alameda County Superior Court. As set forth above, federal courts are courts of limited jurisdiction. Alleging amorphous violations of the Thirteenth and Fourteenth Amendments does not confer subject matter jurisdiction over a de facto appeal of a state administrative decision, particularly one in which Plaintiff was explicitly advised that she may seek judicial review in Superior Court.

Accordingly, the Court concludes that the complaint is insufficient to satisfy Section 1915 review and that it cannot be amended to sufficiently allege a basis for federal subject matter jurisdiction.

### III.    CONCLUSION

For the reasons set forth above, the Court finds that the allegations in Plaintiff's complaint are insufficient under 28 U.S.C. § 1915(e)(2) and REASSIGNS this case to a district judge with

United States District Court
Northern District of California

1  the RECOMMENDATION that it be dismissed without prejudice for lack of jurisdiction. *See* Fed.

2  R. Civ. P. 41(b) (involuntary dismissals for lack of jurisdiction are without prejudice).

3      Any party may file objections to this report and recommendation with the district judge

4  within 14 days of being served with a copy. *See* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b); N.D.

5  Civil L.R. 72-3.  The parties are advised that failure to file objections within the specified time

6  may waive the right to appeal the District Court's order. *IBEW Local 595 Trust Funds v. ACS*

7  *Controls Corp.*, No. C-10-5568, 2011 WL 1496056, at *3 (N.D. Cal. Apr. 20, 2011).

8      IT IS SO RECOMMENDED.

9  Dated: March 11, 2025

10                                                        KANDIS A. WESTMORE

11                                                        United States Magistrate Judge

3